Smith, P. J.
On the 7th of July, 1884, the sheriff seized the personal property of the defendants by virtue of attachments issued in these several actions against them, in favor of Ignatz Thalimer, Salie Frankel and Yette Thalimer, respectively. On the next day he levied on the same prop *666 erty by virtue of an execution issued on a judgment against said defendants, in favor of Susselia Hays, for $13,471.24.
On the 11th of July, 1884, an order of this court was made at special term in the actions of the four plaintiffs above mentioned, all said plaintiffs consenting, thereto, that the sheriff should sell the property seized by him, and pay the proceeds of the sale, less his fees, into the Monroe County Savings Bank, to abide the further order of the court in said four actions. Pursuant to such order the property was sold on the 25th of July, 1884, for $20,000, the sale was confirmed the twenty-eighth of July, and the proceeds of the sale less sheriff’s fees, amounting to $19,127.44, were deposited by the sheriff in the bank to the credit of said actions. Subsequently judgments were recovered against said defendants in five actions in favor of other plaintiffs, and on the 29th of November, 1884, Wickes, the appellant, was appointed receiver of the property of said defendants in supplementary proceedings upon those five judgments. The attachment of Ignatz Thalimer was vacated on the 19th of February, 1885, on motion of defendants, and in the same month, the attachment of Salie Frankel and Yette Thalimer were vacated on motion of the receiver.
A large number of executions against the same defendants came into the sheriff’s hands, some before and some after the sale, but all subsequent to the order for the sale, and they are still in his hands, no proceeding having been taken by any execution creditor to reach the proceeds of such sale. No appeal has been taken as against creditors who had issued executions before the sale. The contest on this appeal is between the receiver and. Abraham Picard, the respondent, who is the assignee of a judgment recovered against said defendants, subsequently to said sale. The only question between them is, which of them is first entitled to the surplus of the fund in bank after paying the judgment of Susselia Hays.
We think the question was properly disposed of at special term. The effect of the order and of the sale had under it, was simply to substitute the money realized from the sale for the property itself. It could have no greater effect, for the only authority of the court to make it was derived from the consent of the plaintiffs in the actions then pending, and they could not, by any agreement among themselves, divest the defendants of their interest in such of the property as should remain after satisfying the liens then existing, or prevent other creditors from obtaining liens upon such interest by appropriate legal proceedings. The judgment under which the respondent claims having been recovered and docketed before the appointment of the receiver, the respondent is first entitled to the surplus. These views are more amply stated in the opinion delivered by Mr. J ustice Dwight at special term, ana in that we concur.
*667 The order should be affirmed, with ten dollars costs and disbursements, to be paid by the receiver out of any funds in his hands as such receiver.
Haight and Bradley, JJ., concur.